**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **CHRISTOPHER RUBIN** | **CIVIL ACTION NO. 6:08-CV-1501** |
| **VERSUS** | **JUDGE HAIK** |
| **U.S. COMM. SOCIAL SECURITY ADMINISTRATION** | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

This Social Security Appeal was referred to the undersigned for report and recommendation pursuant to the normal practice and standing orders of this Court. Based on the following reasons, the undersigned recommends that this matter be **DISMISSED WITHOUT PREJUDICE**.

### *Background*

Appellant filed his social security appeal on October 8, 2008. On September 8, 2009, the undersigned issued an Order that plaintiff effect service on the SSA and file a copy of the service return into the record on or before September 18, 2009. [rec. doc. 4]. The undersigned further stated that: "[f]ailure to do so will be considered a withdrawal of plaintiff's appeal, and it will be recommended that this matter be dismissed." As of this date, no summons has been issued.

Rule 16(f) of the Federal Rules of Civil Procedure provides as follows:

(1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
(A) fails to appear at a scheduling or other pretrial conference;

(B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or
(C) fails to obey a scheduling or other pretrial order.

Rule 37(b)(2)(A) authorizes the following sanctions for failing to obey a court order:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) *dismissing the action or proceeding in whole or in part*;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

(emphasis added).

Appellants are required to serve a summons on the Social Security Administration ("SSA") in this matter. Here, appellant failed to effect service and disobeyed an Order of this Court. Appellant has neither contacted the court by telephone nor in writing to explain his lack of diligence in prosecuting this case.

Accordingly, the undersigned recommends that this case be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party

may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FACTUAL FINDINGS AND/OR THE PROPOSED LEGAL CONCLUSIONS REFLECTED IN THIS REPORT AND RECOMMENDATION WITHIN TEN (10) DAYS FOLLOWING THE DATE OF ITS SERVICE, OR WITHIN THE TIME FRAME AUTHORIZED BY FED.R.CIV.P. 6(b), SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING THE FACTUAL FINDINGS OR THE LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT, EXCEPT UPON GROUNDS OF PLAIN ERROR.** ***DOUGLASS V. UNITED SERVICES AUTOMOBILE ASSOCIATION*, 79 F.3D 1415 (5TH CIR. 1996).**

Signed this 25th day of September, 2009, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE